UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re Ex Parte Application of EVENSTAR MASTER FUND SPC for and on behalf of EVENSTAR MASTER SUB-FUND I SEGREGATED PORTFOLIO; and EVENSTAR SPECIAL SITUATIONS LIMITED,<br><br>Applicant,<br><br>For and Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery from JING CAO MO for Use in a Foreign Proceeding. | Case No. 2:20-cv-02333-KJD-BNW<br><br>**ORDER** |

Before the Court is Applicant's Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 (#1).

I.   Factual and Procedural Background

Applicant Evenstar Master Fund SPC ("Evenstar") is involved in litigation before the Grand Court of the Cayman Islands. (#1, at 4). The action is titled Evenstar Master Sub-Fund I Segregated Portfolio et al. v. Mo et al., No. FSD 278 of 2020 (ASCJ). Id. The case involves the winding up of Fang Holdings Limited ("Fang"), a Cayman company with headquarters in China. Id. at 5. Evenstar alleges that Vincent Mo ("Vincent"), the Chairman and CEO of Fang, engaged in self-dealing to Evenstar's detriment. Id. Evenstar seeks to subpoena Vincent's wife, Jing Cao Mo ("Mo"), who is the director of a Mo family entity. Id. Evenstar alleges that Mo has knowledge of the self-dealing behavior that resulted in gains of over $38 million to Mo family entities. Id.

II.   Legal Standard

A district court may grant an application pursuant to 28 U.S.C. § 1782 if: "(1) the person from whom the discovery is sought resides or is found in the district of the district court to which

1   the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and
2   (3) the application is made by a foreign or internal tribunal or any interested person." 28 U.S.C. §
3   1782(a). Courts have discretion when determining whether to grant applications. Intel Corp. v.
4   Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004). Courts should consider the following
5   factors when considering applications. First, "whether the material sought is within the foreign
6   tribunal's jurisdictional reach and thus accessible absent § 1782 aid." In re Application of
7   O'Keefe, 2016 WL 2771697, *1 (D. Nev. April 4, 2016). Second, "the nature of the foreign
8   tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign
9   government, or the court or agency abroad to U.S. federal-court jurisdictional assistance." Id.
10  Third, "whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering
11  restrictions or other policies of a foreign country or the United States." Id. Fourth, "whether the
12  subpoena contains unduly intrusive or burdensome requests." Id. If a court grants a § 1782
13  application, "the subpoenaed party can move to quash the subpoena, but bears the burden of
14  persuasion in the course of civil litigation." Id. at 2.
15       III.   Analysis
16       Having considered the relevant factors, the Court concludes that they weigh in favor of
17  granting the application. Mo resides within the district of Nevada, the discovery will be used in a
18  current foreign tribunal, and the application is made by an interested person. The foreign tribunal
19  will not be able to issue a subpoena to receive this potentially helpful discovery from Mo here in
20  Nevada. There is no indication that this application is an attempt to circumvent any policies of
21  the foreign court or that the subpoena contains any intrusive or burdensome requests. As such,
22  the application is granted.
23       Applicant's U.S. counsel is authorized to serve the subpoenas attached to the Faust
24  Declaration as Exhibit A-2, together with a copy of this order, no later than February 19, 2021.
25  No later than February 19, 2021, and before serving the subpoenas on Respondents, Evenstar
26  shall provide actual notice and courtesy copies of the subpoenas, application, and supporting
27  documents, together with a copy of this order, to the parties against whom the requested
28  discovery is likely to be used through any such party's counsel, or if the identity of such party's

counsel is unknown, by service on that party directly. Evenstar shall promptly file proof of such service.

The granting of this ex parte motion is vulnerable to a motion to quash and will be reconsidered in the event such a motion is filed.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Applicant's Application for Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery in a Foreign Proceeding (#1) is **GRANTED**. Dated this 14th day of January, 2021.

_____
Kent J. Dawson
United States District Judge