J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax

MATTHEW G. COOGAN (*pro hac vice* application pending)
mcoogan@lswlaw.com
JOHN S. SIFFERT (*pro hac vice* application pending)
jsiffert@lswlaw.com
BRICE JASTROW (*pro hac vice* application pending)
bjastrow@lswlaw.com
LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue
New York, NY 10110
(212) 921-8399

*Attorneys for Respondent Jing Cao*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| *In re Ex Parte* Application of | Case Number 2:20-cv-02333-KJD-BNW |
| EVENSTAR MASTER FUND SPC for and on Behalf of EVENSTAR MASTER SUB-FUND I SEGRAGATED PORTFOLIO; and EVENSTAR SPECIAL SITUATIONS LIMITED, | **DECLARATION OF JING CAO** |
| Applicants, | |
| For an Order Pursuant to 28 U.S.C. 1782 to Obtain Discovery from JING CAO MO for Use in a Foreign Proceeding | |

1

I, JING CAO, declare as follows:

1. I currently reside in Las Vegas, Nevada. I have been married to Vincent Tianquan Mo, the executive chairman of Fang Holdings Limited ("Fang"), for approximately 30 years.

2. During the week of February 19, 2021, on three separate occasions, a process server delivered several subpoenas to me at my home in Las Vegas. The documents appeared to be multiple copies of the same subpoenas for documents and deposition testimony, with different dates and signatories listed. I understand that the subpoenas were issued by Evenstar Master Fund SPC and Evenstar Special Situations Limited (together, "Evenstar") in connection with Evenstar's claims against my husband and Fang in the Cayman Islands. I am generally aware of the Cayman Islands litigation but am not a party and am not aware of the details of Evenstar's allegations.

3. I make this declaration at the request of my lawyers, Lankler Siffert & Wohl LLP ("LSW"), for the purpose of responding to the motion by Evenstar to compel me to produce documents and provide deposition testimony in response to the subpoenas served on me. The statements below are based on my personal knowledge, information, and belief.

**Background on my roles (and lack thereof) with respect to entities identified in Evenstar's subpoenas to me**

4. I have no role at Fang and have never been involved in Fang's business.

5. I do not have any role in my husband's Upsky hotel business and have never participated in that business.

6. I do not have any role with respect to Wall Street Global Training Center, Inc., and have never participated in that entity's business.

7. From approximately 2015–2019, I was President and a trustee of New York Military Academy ("NYMA"), a New York not-for-profit corporation that runs a historic

2

military boarding school in Cornwall-on-Hudson, New York. My husband is currently a member of NYMA's board of trustees.

8.  My husband Mr. Mo founded Research Center on Natural Conservation Inc. ("RCNC") in 2011. To my knowledge, RCNC is a New York not-for-profit corporation. Since its founding, RCNC has acquired several properties, including a plot of land that it currently leases to NYMA.

9.  I have been a director of RCNC since 2011, as have my husband and my daughter. To my knowledge, RCNC does not have any relationship with Fang and has never engaged in any transaction with Fang.

10. Next Decade Investments Limited ("Next Decade") is a passive holding company organized in the British Virgin Islands and held by Credit Suisse Trust Limited as the trustee of an irrevocable trust. My husband Mr. Mo is the grantor and protector of the trust. Currently my children and I are the beneficiaries.

11. I am a director of Next Decade. To my knowledge, no financial statements or book-keeping records have been prepared or kept for Next Decade since its inception.

12. Media Partner Technology Limited ("Media Partner") is a passive holding company organized in the British Virgin Islands and held by Butterfield Bank as the trustee of an irrevocable trust. My husband Mr. Mo is the grantor and protector of the trust. Currently my children and I are the beneficiaries.

13. I am a director of Media Partner.

**Evenstar's subpoenas to me**

14. I have read through the subpoenas and discussed them in detail during several telephone calls with my lawyers Matthew Coogan and Brice Jastrow of LSW. At LSW's request, I searched for any electronic or hard-copy documents in my possession that were responsive to

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

3

the eleven requests in Evenstar's document subpoena dated January 15, 2021, including by running many searches through my emails and searching my non-email electronic files and hard-copy files. After initially reading the document subpoena and reviewing my records, I thought that I had an electronic copy of a financial statement of Next Decade in my emails. Upon reviewing the document with my counsel, however, I realized that the document was not a financial statement and was not responsive to Evenstar's document subpoena, and that Next Decade did not prepare financial statements.

15. Therefore, after searching thoroughly through my files, I have been unable to locate any documents responsive to the eleven requests listed in Evenstar's document subpoena.

16. I understand that Evenstar also seeks to take my deposition regarding the topics listed in the document subpoena. I have very little knowledge about any of the topics listed.

17. Regarding Document Requests 1 and 2: I know a little of a transaction in which Next Decade entered an agreement under which Fang purchased shares in China Index Holdings Limited from Next Decade. Other than the fact that the share sale occurred, I know very little about the transaction, and what little I know I learned directly during a private, face-to-face conversation with my husband in or around 2019. No one else was present for this conversation. To my knowledge, Next Decade has not received any of the sale proceeds of the transaction.

18. Regarding Document Request 3: As explained, to my knowledge, Next Decade has never prepared financial statements.

19. Regarding Document Request 4: There has never been any payment from RCNC or NYMA to me or my children. I do not have any knowledge or recollection of any payment from RCNC or NYMA to my husband or any of my husband's or my family's companies.

20. Regarding Document Request 5: There has never been any payment or loan from Fang to me or my children. I do not have any knowledge or recollection of any payment or loan

from Fang to any of my family's or my husband's companies. As for payments from Fang to my husband, I assume that he was compensated by Fang in some form, but I have no particular knowledge of how or when.

21.  Regarding Document Requests 7 and 8: While I am generally aware and believe that my husband has directed financial support to RCNC and NYMA, I do not have any knowledge or recollection of any particular payment or loan from my family or my husband's companies, including Upsky, to RCNC or NYMA.

22.  Regarding Document Requests 9 and 10: I do not have any knowledge or recollection of any of the transactions listed in these requests.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 7, 2021, at Las Vegas, Nevada.

_____
Jing Cao

May 7th, 2021