J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax

MATTHEW G. COOGAN (*pro hac vice*)
mcoogan@lswlaw.com
JOHN S. SIFFERT (*pro hac vice*)
jsiffert@lswlaw.com
BRICE JASTROW (*pro hac vice*)
bjastrow@lswlaw.com
LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue
New York, NY 10110
(212) 921-8399

*Attorneys for Respondent Jing Cao*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>EVENSTAR MASTER FUND SPC for and on Behalf of EVENSTAR MASTER SUB-FUND I SEGRAGATED PORTFOLIO; and EVENSTAR SPECIAL SITUATIONS LIMITED,<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. 1782 to Obtain Discovery from JING CAO MO for Use in a Foreign Proceeding | Case Number<br>2:20-cv-02333-KJD-BNW<br><br>**SUPPLEMENTAL DECLARATION OF JING CAO** |

1

I, JING CAO, declare as follows:

1. I respectfully submit this declaration to further explain the searches that I conducted in my files for documents responsive to Evenstar's subpoena to me and to correct my May 7, 2021 declaration.

**Responsive documents in my possession**

2. On May 21, 2021, Evenstar filed a memorandum criticizing my May 7 declaration as insufficiently detailed because I did not describe the searches that I ran for documents or detail the kinds of documents that I searched. Last week, while preparing to file a supplemental declaration to explain my searches, I realized that three emails that I received as a director of NYMA, which I previously thought were not responsive to Evenstar's document requests, actually contained some information that was responsive. Since I realized my error, I have conducted additional searches of my emails, detailed below. I have located 39 emails responsive to Evenstar's subpoena. All of them relate to my roles as a director of NYMA and RCNC, and most were sent to all directors of NYMA, including my husband Vincent Tianquan Mo. They are what I consider to be routine corporate communications, mostly attaching materials related to monthly budgeting, annual tax filings, and periodic board meetings. The responsive portions of many of these emails refer to a loan from Upsky to NYMA that was disclosed in NYMA's public tax filings (and seems to be referenced in Evenstar's subpoena). Two emails append a copy of the loan agreement as an attachment. Others include attachments that refer to payments between NYMA and RCNC for NYMA's use of RCNC's property as a campus and NYMA's repairs to the property and to a donation by my husband to NYMA. One email attaches a copy of an agreement between NYMA and Soufun Holdings Ltd. relating to use of NYMA's facilities in 2016.

...

3.      Of the 39 responsive emails that I found, 37 were copied to or sent from my husband Vincent Tianquan Mo. One of the emails on which Mr. Mo was not copied is an annual conflict-of-interest questionnaire for NYMA directors from 2017. The responsive language in that document is substantially similar to my conflict-of-interest questionnaire from 2018, which was copied to Mr. Mo. The other email on which Mr. Mo does not appear as a "cc" attaches a letter to the entire NYMA faculty and staff. I was blind-copied on that email, so I cannot tell from the face of the email if Mr. Mo was also blind-copied, but I believe that he likely was.

**Additional details regarding my search efforts**

4.      <u>Emails</u>: Using the search function of my email, I searched for the terms "Upsky," "Next Decade," "Media Partner," "NYMA," "New York Military Academy," "RCNC," "Research Center on Natural Conservation," "Deanhale," "Ateefa," "Karistone," "Open Land," "WSGTC," and "Wall Street Global Training Center." I also searched for my husband Vincent Tianquan Mo's email address and for the email addresses of two of my contacts at the banks that act as trustees for Next Decade and Media Partner. I then reviewed the search results for documents responsive to Evenstar's subpoena.

5.      <u>Non-email electronic documents</u>: I do not keep electronic documents related to the matters identified in Evenstar's subpoena anywhere other than in my email. I have a flash drive with certain corporate documents of Next Decade and Media Partner (<u>e.g.</u>, registers of directors and shareholders, certificates of incumbency, etc.), but those documents are not responsive to Evenstar's subpoena.

6.      <u>Messaging apps</u>: I do not have any responsive text, WhatsApp, or WeChat messages, as I do not use those methods of communication for business. I do not use any other messaging apps.

3

7. <u>Paper files</u>: Since moving to the United States from China in 2019, I have not kept paper files for business. To the extent that my old paper files in China still exist, I believe that they would be in the possession of my husband Mr. Mo and controlled by him.

**Results of my search efforts**

8. <u>Document Requests 1 and 2</u>: I did not locate any documents concerning Fang's purchase of China Index Holdings shares from Next Decade and Media Partner. As I stated in my May 7 declaration, I know a little about that transaction from a conversation with my husband in or around 2019. My recollection is that I signed some documents related to the transaction around that time and provided them to my husband. I did not keep copies of the documents, and I do not currently have them in my possession. I believe that they would be in my husband's possession and controlled by him. I am not aware of anyone other than my husband and Fang who possesses or controls documents related to this transaction.

9. <u>Document Request 3</u>: I did not locate any financial statements responsive to this request. To my knowledge, Next Decade does not prepare financial statements. Each year, Credit Suisse Trust Limited ("CSTL"), the trustee of the trust that holds Next Decade, provides me with a letter confirming the status of Next Decade's assets and liabilities and stating that Next Decade does not prepare financial statements. CSTL asks me to sign and return the letter, which I do.

10. <u>Document Request 4–11</u>: I am correcting my prior declaration and state that I am in possession of emails responsive to these requests, which I received during my service as a director of NYMA and RCNC, as explained above in paragraphs 2–3. I did not locate any document responsive to Evenstar's Request 9(a) relating to "a $6.7 million loan from Next Decade, as referenced in RCNC's IRS Form 990 for 2019." Neither am I aware of any third party who possesses documents responsive to Request 9(a).

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 3, 2021, at Las Vegas, Nevada.

_____
Jing Cao