# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Evenstar Master Fund SPC, et al., | Case No. 2:20-cv-02333-KJD-BNW |
| Petitioners, | **ORDER** |
| v. | |
| Jing Cao, | |
| Respondent. | |

Before the Court are two related motions. First, Evenstar Master Fund SPC (Evenstar) filed a motion to compel Ms. Cao to comply with two subpoenas. ECF No. 18. Ms. Cao responded (ECF No. 31), and Evenstar replied (ECF No. 37). Ms. Cao also filed a motion to quash the subpoenas that, for brevity, relies on her response brief. ECF No. 35. Evenstar responded (ECF No. 38), and Ms. Cao replied (ECF No. 49). The parties also filed several supplemental briefs. ECF Nos. 42, 43, 54, 55, 63.[1]

## I.   Background

This case arises out of litigation in the Cayman Islands. Specifically, Evenstar is a party to a case before the Grand Court of the Cayman Islands. In that case, Evenstar alleges that it owns a minority share of Fangs Holding Limited (Fang). Evenstar further alleges that the Chairman and CEO of Fang, Vincent Mo, has been engaged in self-dealing (to Fang and Evenstar's detriment). As is relevant to the motions before the Court, Evenstar alleges that Fang entered into a deal with Next Decade Investments Limited (Next Decade) and Media Partner Technology Limited (Media Partner) (both entities owned by Mr. Mo and/or his family) to purchase shares of dubious value for several million dollars (thereby enriching Mr. Mo and his family to Fang's detriment). Additionally, Evenstar alleges that Upsky Enterprises (Upsky) and Research Center on Natural

---

[1] The Court will not consider these supplemental briefs, as they were filed without leave of court. *See* LR 7-2(g) ("A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court.").

Conservation (RCNC) (also business entities owned by Mr. Mo and/or his family) have used Fang business assets and/or resources without payment.

In this action, Evenstar previously sought permission to obtain discovery under 28 U.S.C. § 1782. ECF No. 1. Section 1782 "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals . . . in proceedings abroad" if certain conditions are met. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also* 28 U.S.C. § 1782. In other words, litigants in foreign tribunals may seek the assistance of the federal courts in obtaining discovery in the United States for use in the foreign tribunal. *See* 28 U.S.C. § 1782. The district judge assigned to this case previously determined that it was appropriate for Evenstar to use Section 1782 to obtain discovery from Ms. Cao (Mr. Mo's wife) and allowed Evenstar to serve subpoenas on her.[2] ECF No. 10. However, because the application to obtain discovery under Section 1782 was ex parte, the district judge noted that Ms. Cao could challenge the subpoenas by way of a motion to quash. ECF No. 10 at 3.

Ms. Cao did just that, moving to quash the subpoenas under Rule 45 of the Federal Rules of Civil Procedure. ECF No. 35 at 1. Evenstar moved to compel responses to the subpoenas. ECF No. 18.

**II.     Legal Standard**

Federal Rule of Civil Procedure 45 governs subpoenas. Rule 45 provides that a party may command a non-party to produce documents in that person's possession, custody, or control by way of a subpoena. Fed. R. Civ. P. 45(a)(1)(A)(iii). A subpoena may also command a person's presence at a deposition. Fed. R. Civ. P. 45(a)(1)(B).

---

[2] The Court will not further discuss the propriety of obtaining discovery through Section 1782 or the *Intel* factors. The district judge assigned to this case already considered the *Intel* factors and determined that they weigh in favor of allowing Evenstar to obtain discovery under Section 1782. ECF No. 10 at 2. The Court considered Ms. Cao's limited arguments about why discovery should not be had under the *Intel* factors but is not persuaded by these arguments. Accordingly, the Court proceeds to considering Ms. Cao's arguments regarding why the subpoenas should be quashed under the Federal Rules of Civil Procedure. *See Husayn v. Mitchell*, 938 F.3d 1123, 1128, n.9 (9th Cir. 2019) ("'Once the court . . . grants the section 1782 application, 'the ordinary tools of discovery management, including [Federal Rule of Civil Procedure] 26, come into play; and with objections based on the fact that discovery is being sought for use in a foreign court cleared away, section 1782 drops out.' In other words, once a section 1782 application is granted, the ordinary rules of civil procedure relating to discovery shift into place.") (internal citations omitted); *In re Vahabzadeh*, No. 20-MC-80116-DMR, 2020 WL 7227205, at *5 (N.D. Cal. Dec. 8, 2020) (same rule).

The scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1). *Proficio Mortg. Ventures, LLC. v. Fed. Sav. Bank*, 2016 WL 1465333, at *3 (D. Nev. Apr. 14, 2016). Rule 26(b)(1) allows a party to obtain information that is relevant to any claim or defense, proportional to the needs of the case, and non-privileged. Fed. R. Civ. P. 26(b)(1).

A party resisting discovery may, however, serve objections to the subpoena. Fed. R. Civ. P. 45(d)(2)(B). The party seeking discovery may then move for an order compelling production of the documents sought. Fed. R. Civ. P. 45(d)(2)(B)(i). The court may order the person to comply with the subpoena but must protect a non-party from significant expense resulting from compliance. Fed. R. Civ. P. 45(d)(2)(B)(ii). Conversely, the party resisting discovery may move to quash the subpoena, which the court must grant if the subpoena: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

The person seeking to quash a subpoena or opposing a motion to compel bears the burden of establishing why the discovery should not be had. *See Playstudios, Inc. v. Centerboard Advisors, Inc.*, No. 218CV01423JCMNJK, 2019 WL 1995326, at *2 (D. Nev. May 6, 2019) ("The movant seeking to quash a subpoena bears the burden of persuasion."); *Krause v. Nevada Mutual Insurance Co.*, 2014 WL 496936, at *3 (D. Nev. Feb. 6, 2014) (person opposing a motion to compel generally carries the burden to show why the discovery should not be had). If, however, the relevance of the discovery sought is not apparent, then the party seeking discovery must make an initial showing of how the discovery sought is relevant. *Krause*, 2014 WL 496936, at *3.

### III.   Analysis

Ms. Cao advances six arguments regarding why her motion to quash should be granted and the motion to compel should be denied. *See* ECF No. 31 at 2-3 (response to motion to

compel); ECF No. 35 at 3-4 (motion to quash).³ The Court will address Ms. Cao's six arguments in turn.

First, Ms. Cao argues that she does not possess any documents responsive to Evenstar's subpoena. ECF No. 31 at 13.

As already discussed, Rule 45 of the Federal Rules of Civil Procedure allows parties to subpoena documents in a person's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). To the extent Ms. Cao does not have any responsive documents in her possession, custody, or control, the Federal Rules of Civil Procedure do not require her to produce any documents. To the extent Ms. Cao does have documents in her possession, custody, or control, she must produce them (unless otherwise ordered by this Court in this order). The Court notes that Ms. Cao admitted in her reply brief that she subsequently located responsive documents, so it appears she has at least some responsive documents. *See* ECF No. 49 at 2.

Second, Ms. Cao argues that she has no responsive, non-privilege testimony to provide. ECF No. 31 at 13-14. Ms. Cao believes that a marital communications privilege will apply to her testimony. *Id.* at 14-15.

The Court doubts that Ms. Cao has no non-privileged testimony to provide given her role in Next Decade and Media Partner. In all events, however, she may not avoid her deposition by claiming that all her testimony will be privileged. Ms. Cao must attend her deposition, answer any questions that do not call for privileged information, and assert a privilege objection on a question-by-question basis when appropriate.⁴ *See Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, No. 315CV02440GPCAHG, 2020 WL 1674584, at *6 (S.D. Cal. Apr. 6, 2020) (deponent may not invoke a privilege to avoid being deposed altogether but may assert the privilege as appropriate on a question-by-question basis); *Nat'l Corp. Tax Credit Funds III v.*

---

³ In Ms. Cao's reply to her motion to quash, she raises new arguments regarding why each category of documents in the subpoena should be quashed. *See* ECF No. 49. The Court will not consider arguments raised for the first time in a reply brief. *See Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived."). However, even if the Court were to consider these arguments, it would not change the Court's ruling.

⁴ To the extent the parties request that the Court make a determination about the marital communications privilege or any other privilege, the Court declines to make any hypothetical privilege determinations before questions are posed at Ms. Cao's deposition.

1   *Potashnik*, No. CV073528PSGFMOX, 2008 WL 11339608, at *2 (C.D. Cal. June 16, 2008)
2   ("[A] notice of deposition will not be vacated on a claim that the privilege will be asserted.
3   Instead, the party must attend the deposition, answer those questions that are not properly within
4   the scope of the privilege, and claim the privilege as to the specific questions" that call for
5   privileged information); *United States v. Hansen*, 233 F.R.D. 665, 668 (S.D. Cal. Oct. 28, 2005)
6   (same rule).

7         Third, Ms. Cao argues that to extent the discovery sought from her is relevant to the
8   Cayman proceedings, discovery should be obtained from the parties to the proceedings. ECF No.
9   31 at 15-17.

10         The Court is unpersuaded by Ms. Cao's argument. Ms. Cao's argument assumes that the
11   parties to the Cayman proceedings would have all the documents sought from Ms. Cao. Other
12   courts have rejected similar arguments and assumptions. *See, e.g.*, *In re NanoPyxis Co., Ltd.*, No.
13   4:17-MC-80151-KAW, 2018 WL 1156838, at *5 (N.D. Cal. Mar. 5, 2018) (rejecting argument
14   that discovery should be obtained from the parties only, because it assumes that the parties were
15   involved in every relevant communication the non-party had). Here, it is not clear to the Court
16   that Ms. Cao has no unique documents (that the parties to the Cayman proceedings would not
17   have). To the contrary, in Ms. Cao's reply to her motion to quash, she seems to acknowledge that
18   she has at least some documents that are not necessarily subject to discovery in the Cayman
19   proceeding. *See* ECF No. 49 at 2 (Ms. Cao located 39 responsive emails, all but two are subject to
20   discovery in the Cayman proceeding). Ms. Cao is also the director of two companies (Next
21   Decade and Media Partner) that were allegedly part of the self-dealing at issue in the Cayman
22   proceedings. *See* ECF No. 31 at 7. Accordingly, the Court rejects the argument that discovery
23   should only be obtained from the parties to the Cayman proceeding, as it is possible Ms. Cao has
24   responsive documents that the parties to the Cayman proceedings do not have. To reduce the
25   potential burden on Ms. Cao, however, the Court provides instructions below to reduce the
26   likelihood that Ms. Cao will have to produce identical documents that have been produced by
27   other entities or parties to the Cayman proceedings.
28

Fourth, Ms. Cao argues that the subpoena requests relating to Next Decade, RCNC, and NYMA are overbroad because they seek discovery that is irrelevant to the Cayman proceedings. ECF No. 31 at 13, 17-19. Specifically, Ms. Cao lists the following categories of documents requested in the subpoena that she believes are irrelevant:[5]

1. Complete financial statements of Next Decade (Request 3);

2. Any payment from RCNC or NYMA to Ms. Cao, Mr. Mo, their family, or Mr. Mo's unrelated companies, including all bank records relating to any payment (Requests 4, 6);

3. Any loan or payment to RCNC or NYMA from Mr. Mo, his family, or his independent companies (Requests 7, 8); and

4. Loan transactions listed in any IRS Form 990 filed by RCNC or NYMA (at any time) relating to Next Decade and various Upsky entities (Requests 9, 10), as well as complete bank records relating to any such loan transactions (Request 11).

ECF No. 31 at 17-18.

As discussed below, the Court reviewed the parties' briefs and is partially persuaded by Ms. Cao's arguments.

As it relates to the financial statements of Next Decade, the Court is *not* persuaded that these documents are irrelevant. As previously discussed, Next Decade was allegedly part of the self-dealing at issue in the Cayman proceedings. *See* ECF No. 31 at 7. Accordingly, its financial statements are highly relevant to the Cayman proceedings, and the Court will order Ms. Cao to respond to Request 3 to the extent she has responsive documents in her possession, custody, or control.[6]

---

[5] In Ms. Cao's motion to quash and response to Evenstar's motion to compel, she did not challenge Requests 1, 2, and 5 specifically (except to note that she did not receive any payments from Fang). *See* ECF Nos. 31, 35. Ms. Cao did address these requests specifically for the first time in her reply to her motion quash. *See* ECF No. 49. These arguments are waived. *See Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are waived."). However, were the Court to consider Ms. Cao's arguments, it would not change its ruling. Requests 1, 2, and 5 are relevant to Mr. Mo's alleged self-dealing as it relates to Fang; Ms. Cao may have unique documents responsive to these requests; and the Court is ordering Evenstar not to intentionally seek duplicative documentation that has already been produced. *See* ECF No. 18-1 at 30-31, 33 (Requests 1, 2, and 5).

[6] Ms. Cao argued in her reply brief that Next Decade does not prepare financial statements. ECF No. 49 at 8. If no financial statements exist for Next Decade and/or Ms. Cao does not have them in per possession, custody, or control, then she may assert this, and no documents need be produced. At oral argument, Evenstar raised concerns that Ms.

As to the other requests Ms. Cao takes issue with, the Court agrees that Requests 4, 6, 7, 8, 9, 10, and 11 are overbroad. See ECF No. 18-1 at 32-38. These requests seek a wide range of financial documents related to RCNC, NYMA, Upsky, and Fang. *See id.* Evenstar alleges in the amended petition that Upsky and RCNC (business entities owed by Mr. Mo and/or his family) have used Fang business assets and/or resources without payment. ECF No. 18 at 8. Accordingly, requests for documents related to RCNC, Upsky, and Fang are not irrelevant to the Cayman proceedings and Mr. Mo's alleged self-dealing. However, the Court is unsure how documents related to NYMA are relevant to the claims or defenses in the Cayman proceedings. The Court understands that RCNC allegedly purchased NYMA (ECF No. 18 at 8), but this does not explain how NYMA is relevant to Mr. Mo's alleged self-dealing as it relates to Fang/the Cayman proceedings.

In all events, however, Requests 4, 6, 7, 8, 9, 10, and 11 are so broad that they seek information that would be irrelevant to the Cayman proceedings. For example, Request 4 seeks "[a]ll documents concerning any payment (however characterized, and to any person or entity) to you, any Mo Family Member and/or any Mo Entity from: (a) RCNC; and/or from 2015 to date, NYMA." ECF No. 18-1 at 32. Request 6 requests "for every payment from RCNC, NYMA or Fang [to Ms. Cao, any Mo family member, and/or any Mo entity], complete copies of any and all agreements under which such payments were made, as well as bank statements and check/electronic funds transfer records, showing in each case the source of the payment and its amount." *Id.* at 33. Similarly, (according to Evenstar) Requests 7-11 "seek documents about money flows and transactions involving RCNC and NYMA." ECF No. 37 at 13; *see also* ECF No. 18-1 at 34-37 (Requests 7-11). These requests are all overbroad, as they go beyond exploring any alleged self-dealing Mr. Mo engaged in (to Fang and Evenstar's detriment). Accordingly, the Court will not order Ms. Cao to respond to Requests 4, 6, 7, 8, 9, 10, or 11 as written.

The Court will, in its broad discretion to control discovery, order the parties to meet and confer about narrowing these requests to seek only those documents that are relevant to Mr. Mo's

---

Cao may be defining "financial statements" in a particular way to avoid producing these documents. Evenstar may probe what records Next Decade keeps at Ms. Cao's deposition to address this concern.

alleged self-dealing related to Fang. The Court also notes that Evenstar appears to have obtained at least some documents in other jurisdictions related to the entities Mr. Mo controls. To avoid undue burden on Ms. Cao, Evenstar is instructed not to intentionally seek duplicative documentation from Ms. Cao. To the extent Evenstar cannot discern when certain documents would be duplicative, it may seek them from Ms. Cao, and it may seek unique documents from Ms. Cao. Ms. Cao may request a meet and confer if she believes documents subpoenaed from her are duplicative of documents *produced* by other entities, Mr. Mo, or Fang.

Fifth, Ms. Cao argues that Evenstar's motion to compel is substantially duplicative of a motion to compel documents from certain Mo entities that Evenstar filed in the Southern District of New York. ECF No. 31 at 2, 19. The Court has addressed this concern above by directing the parties to meet and confer to narrow the subpoena requests and by directing Evenstar to not intentionally seek duplicative information. Again, Ms. Cao may request a meet and confer to the extent she believes Evenstar is requesting identical documents that have already been produced. The Court expects the parties to work together in good faith to ensure that duplicative documents are not sought and unique documents are not withheld.

Sixth, Ms. Cao argues that she should not be ordered to produce discovery until after the close of the pleadings in the Cayman proceedings, as the scope of discovery will be defined at that point. ECF No. 31 at 3, 20. Ms. Cao explains that if Mr. Mo and Fang were to admit certain facts in the Cayman pleadings, discovery would not be needed on these facts. *Id.* at 20.

The Court understands Ms. Cao's point but is unpersuaded that discovery should be further delayed. As an initial matter, Ms. Cao did not cite any authority for the proposition that ordering discovery to begin before the pleadings close in the Cayman proceedings would be inappropriate. *See id.* This is consistent with controlling authority providing that discovery may be sought under Section 1782 even when a foreign proceeding is not pending or even imminent. *Intel*, 542 U.S. at 247. Here, a foreign proceeding is pending, and the Court finds that it is appropriate for discovery to proceed. However, to prevent any undue burden on Ms. Cao, the Court, in its discretion, will instruct the parties to meet and confer about narrowing or

withdrawing any document requests that have been mooted by Fang and/or Mr. Mo admitting any facts in the Cayman proceedings.

### IV. Conclusion

To summarize the Court's order, Ms. Cao must respond to Requests 1, 2, 3, and 5 to the extent she has documents in per possession, custody, or control. She must do so by March 15, 2022. Ms. Cao must also sit for her deposition. The parties must meet and confer about narrowing Requests 4, 6, 7, 8, 9, 10, and 11 to seek only those documents that are relevant to Mr. Mo's alleged self-dealing related to Fang. To avoid undue burden on Ms. Cao, Evenstar is instructed not to intentionally seek duplicative documentation from Ms. Cao that has already been produced by an entity, Mr. Mo, or Fang. To the extent Evenstar cannot discern whether certain documents would be duplicative, it may seek them from Ms. Cao, and it may seek unique documents from Ms. Cao. Ms. Cao may request a meet and confer if she believes documents subpoenaed from her are duplicative of documents produced by other entities, Mr. Mo, or Fang. The parties must also meet and confer about narrowing or withdrawing any document requests that have been mooted by Fang and/or Mr. Mo admitting any facts in the Cayman proceedings.

**IT IS THEREOFRE ORDERED** that Petitioners' motion to compel (ECF No. 18) is GRANTED in part and DENIED in part consistent with this order.

**IT IS THEREFORE ORDERED** that Respondent's motion to quash (ECF No. 35) is GRANTED in part and DENIED in part consistent with this order.

DATED: February 15, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE